JAMES KENNEDY, and MARGARET KENNEDY *vs.* THE
MAYOR AND CITY COUNCIL OF CUMBERLAND.

*Streets   and   Highways—Dedication—Acceptance—User   or
Prescription—Evidence—Question of Law.*

Any individual may lay out a thoroughfare through his lands, but
such dedication does not impose upon the county or municipality
the duty of improving or keeping it in repair.   There must be an
acceptance of the dedication before this duty can arise.

Where user or prescription is relied on to establish a public highway,
there must be an uninterrupted user by the public for at least twenty
years, and such user for any less period of time will not suffice.

The fact that property which had been laid out by the owner into
town lots, by a plat upon which certain streets and lanes were
designated, and the whole was called "Shriver's Addition to Cum-
berland," was assessed in the assessment books of the city as lots
in "Shriver's Addition," is entitled to no weight in determining
the question of acceptance by the city of a street laid down on
said plat.

Nor is any weight to be attached to the fact that the city had re-
paired other streets in said Addition, which were laid out and
opened at the same time.

Nor does a subsequent acceptance by the city of an amended charter
constitute an acceptance of the streets laid down on said plat;
they being located upon property within the original limits of the
city, and not brought in for the first time by the acceptance of the
amended charter.

One of the provisions of the amended charter required the city
authorities, as soon as practicable, to provide by ordinance for a

Kennedy *vs.* Mayor, &c., of Cumberland.

survey and map of the city limits, and for the location upon the map "of the streets and alleys already laid out and opened." HELD:

That the terms, "streets and alleys already laid out and opened," in the connection in which they were used, meant the streets and alleys which the city itself had laid out and opened, or which had then become public streets, and not those which had simply been dedicated to the public by private individuals.

In an action against the city for damages for personal injuries caused by the defective condition of a bridge over a drain crossing the street, the fact that the city after the accident appropriated and expended a sum of money in the repair of said street, will not, in the absence of other acts of acceptance, be admissible in evidence as tending to show that the city had previously recognized and adopted said street.

Where the facts are undisputed the question of acceptance of a street by the city is a question of law.

APPEAL from the Circuit Court for Allegany County.

The case is stated in the opinion of the Court.

*Exception.*—At the trial the plaintiffs offered three prayers, the third of which defining the measure of damages, was conceded and is omitted, the first and second are as follows:

1. That if the jury find from the evidence that Shriver's Addition to Cumberland was laid out by Henry Shriver in 1871, and that Lee street (mentioned in the plaintiffs' declaration) was then laid out as one of the streets in said Addition, and that in 1873 said street was opened for public travel, and ever since has been used by the public as a common highway, and that about the year 1873 several houses were built along said street, and that defendant assessed the lots in said Addition, including those bounding on said Lee street, and described them in its assessment books as lots in Shriver's Addition, and that other streets in said Addition laid out and opened

at the same time have been repaired by the city from time to time for several years, and if they further find that said street was laid out and opened at and before the 5th day of April, 1878, and that the amended charter of said city, passed at the session of 1878 of the General Assembly of Maryland, was accepted by the defendant; and that said Lee street was within the corporate limits of said city as established prior to said 5th of April, 1878; and that the City Council of Cumberland, at a meeting held 5th of October, 1885, passed the order, offered in evidence, appropriating $75 for the repair of said street; and that said order was approved by the Mayor; and that in pursuance thereof said street was in October, 1885, repaired by the defendant at the place where the accident in this case is alleged to have occurred, then from said facts taken collectively, they are at liberty to find that Lee street is one of the public streets or highways of said city, laid out and dedicated to public use and accepted by the city, and was such at the time of the accident in this case.

2. That if the jury find from the evidence in the case (under the preceding instruction of the Court) that Lee street, at the time of the alleged accident to the plaintiff, Mrs. Kennedy, was one of the public streets or highways of the City of Cumberland; and if they further find that on or about the 14th day of September last, said plaintiff, Mrs. Kennedy, whilst passing over said street, fell and was injured; and that said accident was occasioned by the defective and dangerous condition of said street; and that at the time of said accident she was using due care on her part; then the plaintiffs are entitled to recover, *provided* the jury find that the defendant or its proper agents, for the purpose of keeping its streets in repair, knew of such unsafe condition of said Lee street (or might have known the same by the use of due diligence) for such length of time before said accident, that the same might have been remedied before said accident occurred.

And the defendant offered the two following prayers:

1. That if the jury find from the evidence that Lee street (so-called) was laid out by one Shriver, in or about the year 1871, upon a piece of ground having a natural surface drain or water-course, which crossed said so-called street, and which received and carried off the surface water from the adjoining property in rainy seasons; and that there had been no change in the condition of said so-called street and drain; and that the defendant had not before or at the time of the happening of the accident complained of in this case, either actually or impliedly accepted or adopted said so-called street as one of the public streets or highways of the defendant, that is to say, by formal resolution, order or ordinance, or by any acts of repair or recognition of said street as a street in the appropriation of money for or expenditure of money thereon, or by any work or labor thereon of it or its agents or servants, with its approval or acquiescence, then the plaintiffs cannot recover under the pleadings in this case, although the jury may further find that said street so-called was used by persons passing on foot over it in going to or from their respective homes or places of business, and although the jury may further find that one Chase, about seven years ago, voluntarily for his own convenience, but without authority from the defendant or its agents, placed a part of the deck of a canal boat across said drain, thereby making a temporary bridge across the same, and which was afterwards crossed by such persons as had occasion to use said street in crossing said drain, and that the plaintiff, Margaret Kennedy, while using due care and caution on her part in the act of crossing said temporary bridge, sustained the injuries complained of in this case.

2. That it is necessary for the plaintiffs to prove to the satisfaction of the jury in this case before they can find for them, that Lee street was not only laid out as a public street,

but also that said street was either actually or impliedly accepted and adopted by the defendant before the alleged injuries occurred to Margaret Kennedy; and although they may find that the order was presented to the City Council of the defendant prior to the accident as offered in evidence, and also the other order presented to the said City Council after the accident and adopted by the defendant, and said street thereafter repaired; and that the property in Shriver's Addition, and lots in said Addition, were assessed by the defendant as offered in evidence; and that other streets in said Addition were repaired both before and after said accident; and that the several deeds offered in evidence from Shriver and Henderson were executed; and the plat of Shriver's Addition made as offered in evidence; and that said Lee street was used as a street, as offered in evidence, by the public from the time it was opened as such in the year 1873 or 1874 by the said Shriver; such facts do not amount to an acceptance or adoption of said street by the defendant.

The Court (HOFFMAN, J.,) rejected the first and second prayers of the plaintiffs, and granted the prayers of the defendant, the first of which was specially objected to by the plaintiffs, on the ground that it left a question of law to the jury.

The plaintiffs excepted, and the verdict and judgment being for the defendant, they appealed.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, and BRYAN, J.

*Benjamin A. Richmond*, for the appellants.

*William J. Read*, for the appellee.

MILLER, J., delivered the opinion of the Court.

Mrs. Margaret Kennedy was injured on the 14th of September, 1885, by the falling of a bridge over which

she was walking. This bridge was a portion of the deck of a canal boat thrown over a gully, which ran across an alleged street, in the City of Cumberland, called Lee street. The accident was caused by the unsafe condition of the bridge, and she and her husband brought this suit against the city to recover damages for the injury. The declaration alleges that this was a public street or highway, which it was the duty of the city to keep in repair, and the action was defended upon the ground of a denial of this allegation. It is plain that to sustain the action it was incumbent upon the plaintiffs to establish the fact that this street or bridge was, at the time of the accident, a highway or bridge, which the city was bound to repair, and the sole question in the case is, has this been shown by any proof legally sufficient to support that conclusion?

The facts, all of which are undisputed, and which were received by the Court subject to exception, are substantially as follows: In 1871, Henry Shriver, being the owner of vacant land within the city limits, laid it off into a number of town lots by a plat upon which three or four streets and lanes were designated, and one of them was called Lee street, and the whole was called "Shriver's Addition to Cumberland." Between 1871 and 1873, he sold some of these lots, and the deeds called for these streets, including Lee street. This street was opened up for public travel in 1873, by the owners of the adjacent lots, and was by them dedicated to the public, and has ever since been used by the public as a common highway, though the travel thereon was principally by foot passengers, because the gully above mentioned made it difficult for wagons to cross over. Several houses were built along this street in 1873, or prior thereto. The lots, including those on Lee street, were assessed to their several owners in the assessment books of the city as lots in "Shriver's Addition." Other streets in this Addition, laid out and opened at the same time, were repaired from time to time by the city for

several years past. At a meeting of the City Council held on the 7th of September, 1885, an order was offered by one of the members instructing the Superintendent of Streets to repair Lee street at a cost not exceeding $75, but it was not passed because it did not receive the requisite number of votes. At the next meeting, which was held on the 5th of October following, the same order was again offered, and it was then passed, and was approved by the Mayor on the 10th of October, which was nearly a month after the accident. Very soon after this the street was repaired by the city out of the money so appropriated, and these repairs included the removal of the bridge on which Mrs. Kennedy was hurt, and the building of a new one. The bridge on which the accident happened was placed over the gully by one Chase, a volunteer, for his own accommodation, about eight years ago, and was since used by the public as a footway over the gully when using the street. This gully was a natural water way or drain for surface water from adjacent lands and hills, and was about two or three feet wide and fourteen inches deep. Since the street was laid out and opened there had been no change in the condition of its surface except that both sides of it had been fenced, one the whole length, and the other the greater part thereof. There was no evidence of any repairs by the city made on this street prior to the accident, nor of any formal resolution, order, or ordinance accepting the same.

From these facts a dedication of the bed of this street to the public by Shriver and his grantees, is no doubt established, but it requires something more to create the privileges and duties belonging to a public highway. Any individual may lay out a thoroughfare through his lands, but such dedication does not impose upon the county or municipality the duty of improving or keeping it in repair. There must be an acceptance of the dedication before this duty can arise. The law on this subject is thus

stated by Judge DILLON: "As against the proprietors a dedication of land for streets and highways may be complete without any act or acceptance on the part of the public; but in order to charge the municipality or local district with the duty to repair, or to make it liable for injuries for suffering the street or highway to be or remain defective, there must be an acceptance of the dedication, and this acceptance must be by the proper or authorized local public authorities. It may be express and appear of record, or it may be implied from repairs made and ordered, or knowingly paid for by the authority which has the legal power to adopt the street or highway, or from long user by the public." 2 *Dillon on Mun. Corp.,* sec. 642. The doctrine that such acceptance is necessary in such cases was recognized by this Court in *McCormick vs. Mayor, &c., of Baltimore,* 45 *Md.,* 524.

The question then is, do the facts above stated show such an acceptance by the city authorities before the happening of the injury sued for, of the dedication by the proprietors of the bed of this street, or is there anything in them upon which a jury could be instructed or allowed to infer such acceptance?

The user by the public set out in this statement of facts is wholly insufficient to make this street a public highway, for it has been repeatedly decided by this Court as the law of this State, that where user or prescription is relied on to establish a public highway, there must be an uninterrupted user by the public for at least twenty years, and such user for any less period of time will not suffice. *Day vs. Allender,* 22 *Md.,* 511; *Browne vs. Trustees of M. E. Church,* 37 *Md.,* 108; *Thomas vs. Ford,* 63 *Md.,* 352. The fact that the lots were assessed in the assessment books of the city as lots in "Shriver's Addition," is, in our opinion, entitled to no weight whatever in determining this question of acceptance. This was simply the recording of the description of the lots for the purpose of taxa-

tion, as the owners themselves had chosen to describe them in their deeds, and in order to distinguish and identify the property assessed and taxed. Nor is any greater weight to be attached to the fact that the city had repaired other streets in this addition which were laid out and opened at the same time. It was perfectly competent for, and within the absolute discretion of, the city authorities, to accept some of these streets and refuse to accept others; and the fact that they did repair others and did not repair this one, tends rather to show that they had determined, and for good reasons, not to incur the expense of grading and repairing it, and not to accept its dedication.

The acceptance by the city of the Act of 1878, ch. 484, amending its charter, has also been relied on by counsel for the appellants. But this Act made no change in the city limits. The land embracing this so-called Addition, and which was thus platted and laid out by Shriver into lots with intersecting streets and lanes, was within the original limits of the city. If the amended charter had, for the first time, brought the land so platted within the city limits, and it had been accepted by the city, a different question would have been presented. In that case there would have been some ground for contending that the acceptance of the amended charter operated an acceptance or adoption of the streets so laid out and dedicated to the public by the owners. One of the sections of the amended charter requires the city authorities, as soon as practicable, to provide by ordinance for a survey and map of the city limits, and for the location upon the map "of the streets and alleys already laid out and opened," but no such ordinance has as yet been passed. Besides, this section makes no mention of the streets in question, nor of any particular street; and the terms "streets and alleys already laid out, and opened," in the connection in which they are used, evidently mean the streets and

alleys which the city itself had laid out and opened, or which had then become public streets, and not those which had been simply dedicated to the public by private individuals.

This leaves for consideration the single fact, that about a month after the accident the City Council appropriated a sum of money to the repair of this street, which was subsequently expended in repairing it. It has been earnestly argued by counsel for the appellants, that this fact should have been submitted to the jury upon the question of acceptance or adoption, not as of itself amounting to a recognition or adoption by a retrospective effect, but as an act tending to show that the city had previously recognized and adopted the street. A decision to the effect that such evidence was admissible upon this ground was made by a majority of the Court in the case of *Manderschid vs. City of Dubuque*, 29 *Iowa*, 73; but in the opinion of the Judge who dissented, this point is met by the remark that such evidence might perhaps bind the city in the future, but to hold that it "would create a retrospective liability would be to hold that present acts of adoption tend to prove a prior adoption, and it is needless to combat such a proposition." No doubt there are cases in which such evidence is properly admissible, as in *Folsom. vs. Town of Underhill*, 36 *Verm.*, 580, where several years prior to the accident the selectmen of the town directed the highway surveyor to expend money on the road, and he did so, and where other surveyors had also previous to the accident worked out a portion of the highway taxes on the same road, but without any express direction from the selectmen on the subject. The Court in that case held that the work first done under the direction of the selectmen was clearly an act tending to show a recognition or adoption of the road by them, and that the working out of taxes by other surveyors prior to the accident without instructions by the selectmen was proper to be considered in connection with any prior act of theirs recognizing the road as

a public highway, or with any evidence that such work was known to and not disapproved by them. And in connection with these facts the Court further held that the act of the selectmen in directing repairs immediately after the accident was also admissible as an act tending to show that they had previously recognized and adopted the road. There were therefore some acts of repair proved in that case, tending to establish the fact of adoption or acceptance of the road by the proper authorities prior to the accident, which the subsequent acts of repair could throw light upon, emphasize or explain, and a careful reading of the opinion shows, we think, that that was the ground upon which they were admitted in evidence. The subsequent repairs did not stand, as in the case before us, as the only, solitary and isolated acts of repair ever done upon the road.

The case of *Sewell vs. City of Cohoes*, 11 *Hun*, 626, (affirmed in 75 *N. Y.*, 45,) has also been referred to by counsel for the appellants. In that case the accident was caused by the fact that a tramway or bridge over the street, which had been erected by the owners of a coalyard, was too low. There was evidence tending to show that the land upon which the street was located belonged to the State, and not to the City, and the latter sought to exempt itself from liability for the injury upon the ground that it had no title to the street, and as a consequence had no right to remove the bridge built by others. The city, however, long prior to the accident, had appropriated the land, and had graded and paved the street, and put down a sidewalk upon it, and had thus by these acts held it out to the public as a public street, and had thereby invited the public to travel upon it, and use it as a public highway. After the accident the City Council passed a resolution directing the removal of the tramway or bridge, and it was removed without complaint from any one. This resolution was offered in evidence, and the Court held

that as it had been thus successfully carried out, such exercise of control over the bridge, even though exercised after the injury, was some evidence of the "power and authority" of the city to remove it before the accident, and that the fact of such removal tended to repel the defence set up by the city that it should not be held negligent in a matter which it had no power to prevent. This is the effect of the decision in that case, and it is obvious that it has very little bearing upon the point presented in this. It is also to be observed that both the cases referred to, the one in Iowa and the other in New York, rest for authority upon the decision in *Folsom vs. Town of Underhill*, which we have already explained.

In this case it is conceded that the city had never at any time prior to the accident made any repairs upon this street, or passed any resolution, order, or ordinance accepting it as a public street. The surface of the ground had never been disturbed, the bridge over the gully or drain, the defective condition of which was the cause of the injury, was placed there by a volunteer and for his own accommodation as a foot-walk, and the City Council had in fact done no act whatever which could by possibility be construed into an invitation by them to the public to travel upon it, or use it in any way as a public street. To allow then this single act of subsequent repair to be used against the city for the purpose of making it liable for this injury, (and it could be used for no other purpose,) would be to give it the effect of creating a retrospective liability. Whatever effect, therefore, this act may have upon the liability of the city for future accidents and injuries, we entirely concur with the Court below in refusing to admit it as evidence in this case.

The Court below in its rulings upon the prayers instructed the jury what facts it was necessary for them to find in order to entitle the plaintiffs to recover. In other words the Court treated the question of acceptance of the

street by the city, as a question of law, and in this we find
no error.   This point has not hitherto been directly pre-
sented to this Court, but the ruling is sustained by our
decisions in numerous analogous cases which it is unneces-
sary to cite.   In the case however, of *Folsom vs. Town of
Underhill*, so much relied on by appellants' counsel for
another point, the question did arise, and while the Court
held that the question whether the *dedication* was com-
plete as against the owners of the soil, was a conclusion
of fact to be drawn by the jury from the circumstances of
the particular case, they yet expressly decided that where
the facts are undisputed, their sufficiency to warrant the
conclusion that the road was *adopted* as a public highway,
would be a question of law, and they answered the objec-
tion that the trial Court had not, in that case, instructed
the jury what facts would constitute such adoption, by
construing the instruction as telling the jury in effect,
that if they found the town did the acts relied on as proof
of the adoption of the road with the intention to regard
and treat it as an existing highway, then it thereby be-
came a highway adopted by the town, which the town was
liable to keep in repair.   This is quite in accord with the
practice in this State, in similar cases where the facts are
controverted or in dispute.   The Court in such cases
leaves the finding of the facts to the jury with appropriate
instructions as to their legal effect, according as the jury
may find them to be.   And there is good reason why this
rule should be applied in cases like the present, for if the
question of acceptance or adoption *vel non* should be left
broadly to the finding of the jury, it would follow that the
liability of a county or municipality would be left in un-
certainty, depending upon the varying verdicts of dif-
ferent juries upon the same state of facts, instead of being,
as it should be, settled and fixed by the law as declared
by the Courts.

But the facts in this case, as we have said, are undis-
puted, and we have shown they are not legally sufficient

to make the city liable for the injury sued for. It would, therefore, have been proper for the Court to have so instructed the jury in direct terms. This being so, it follows there can be no error prejudicial to the appellants in the rulings upon the prayers, and the judgment must be affirmed.

*Judgment affirmed.*

Decided 23rd June, 1886.)