THE STATE, CARRIE A. BEASLEY, PROSECUTRIX, v. THE COMMON COUNCIL OF THE TOWN OF BELVIDERE.

1. In 1825 an owner laid out his land in numbered lots and parcels, and set out and delineated various streets across and through it, among which was K. street, sixty-six feet in width. This map was filed and recorded in the county clerk's office and thereafter recognized and adopted in the description of lots in conveyances made by the original owner and his grantees. K. street was not at once formally accepted by the public authorities of the town, but was from its dedication used as a street by the owners of land on the map and generally considered a street of the town. In 1895 an ordinance was passed which provided that K. street "be opened and extended sixty-six feet in width, to conform to the map and profile of the extension of said street according to the survey thereof," and "that all lands and real estate embraced within the boundaries of said K. street be taken and appropriated for the purpose of a public street" as dedicated. *Held*, that

the ordinance does not take or appropriate any lands; it merely adopts as a public care and charge as a public street what was long ago dedicated to public use.

2. K. street was not vacated by the acts of March 24th, 1859, and March 26th, 1874. *Gen. Stat.,* p. 2821, § 78; *Id.,* p. 2846, § 200. These acts have relation to streets once regularly laid out and not opened or worked for more than twenty years. K. street did not become a "laid-out" street until the passage of the ordinance accepting the dedication.

On *certiorari.*

Argued at February Term, 1896, before Justices LIPPIN-COTT and LUDLOW.

For the prosecutrix, *Henry S. Harris.*

For the defendants, *Joseph H. Wilson, George M. Shipman* and *L. De Witt Taylor.*

The opinion of the court was delivered by

LUDLOW, J. This *certiorari* went to the defendant and brings here for review an ordinance relating to the opening of Knowlton street, in the town of Belvidere, passed September 2d, 1895, and all proceedings concerning the same.

The prosecutrix is owner of some land in Belvidere, on Knowlton street, which the evidence shows was dedicated to public use as a street in 1825, by Garret D. Wall, who, then the owner of a considerable tract of land in Belvidere, New Jersey, filed or recorded in the clerk's office of Warren county, June 7th, 1825, a map thereof, entitling it "Plan of the Town of Belvidere, belonging to and laid out by Garret D. Wall, Esq., June, A. D. 1825," the survey for which was made by George Hiles.

By this map, Mr. Wall laid out his land in numbered lots or parcels, and set out and delineated various streets across and through it, among which was the street Knowlton street, which was shown on the map to be sixty-six feet wide and extending from Oxford street south to Independence street

(an old public road). This map was thereafter recognized and adopted in the description of lots in various and numerous conveyances thereof, made by Mr. Wall in his lifetime,. and by others, his grantees and successors in title; and about 1856, Israel Harris became purchaser and owner of several lots, portions of said land, by conveyance, which recognized and adopted in the description of the premises therein conveyed, and by reference therein, the lot numbers and streets, particularly Knowlton street, laid down on said map, for the monuments and boundaries thereof.

Mr. Harris subsequently died, and the prosecutrix and others, his heirs, took his title. As to the fact of the dedication of Knowlton street to public use as a street, there is no doubt under the evidence, and its course, width and lines are distinctly shown on said map.

Other maps of said original Wall tract have been made in later years, but in every instance such new maps and conveyances of lots thereon have recognized and adopted Knowlton street and other streets by name and lines as delineated on and dedicated by the original Wall map.

The prosecutrix, being owner and having title according to said map and its dedications, has no right to question the dedication of Knowlton street as a street.

Neither has she any right to interfere with the opening of that street, according to its course, boundaries and location as delineated on that map.

The ordinance objected to is the first action of the public authorities of Belvidere in the way of formal or official acceptance of said Knowlton street as a public street of said town since its dedication; and while it has been, since its dedication, used as a street by owners of land on the map and generally considered a street of the town, it has never been an opened and laid-out street and highway according to law, until the action of the common council of Belvidere promulgated by its ordinance of September 2d, 1895.

So far as the prosecutrix is concerned, according to the evidence she has no ground for any objection to the action of

common council in its acceptance of said dedication of Knowlton street and its opening of such dedicated street, as it is delineated on the said Wall map.

Her first reason assigned, or objection, as well as the second and third reasons, are based, first, upon her claim of title to the fee of part of the land forming the said street, and that, therefore, there should have been proceedings of condemnation by the town, and that she should have been awarded damages for her said land taken, and second, that the common council, under the town's charter, had no authority to take lands except for straightening lines of streets, and third, that said ordinance takes and appropriates her lands for public use without compensation.

There is no sufficient foundation for any of these reasons. Her title is subject to the said dedication ; the town is merely accepting a dedicated street, an easement, not condemning for a street. The ordinance does not take or appropriate any lands ; it merely adopts as a public care and charge as a public street what was long ago dedicated to public use whenever the public should assume such care and charge. Nothing has been or is taken for which the prosecutrix can have any claim or right for compensation.

The language of the ordinance is as follows :

" 1. That Knowlton street in said town be opened to Independence street [which is as laid down on said map].

" 2. That said Knowlton street be opened and extended sixty-six feet in width, to conform to the map and profile of the extension of said street according to the survey thereof made by George Hiles and now of record in Warren county clerk's office, in Book of Deeds, volume 1, page 276, &c. [said Wall map].

" 3. That all lands and real estate embraced within the boundaries of said Knowlton street be taken and appropriated for the purpose of a public street and the sidewalks thereof, for which the same is dedicated."

In substance, it is an acceptance of said dedication.

The fourth reason for reversal recognizes the once existence

of the proposed dedicated street, but claims that under the acts of March 24th, 1859, and supplement of March 26th, 1874 (*Gen. Stat., p.* 2821, § 78; *p.* 2846, § 200), the said street was vacated as a street.

The vacating acts referred to have relation to streets' once regularly laid out as public streets and not opened, worked or used for more than twenty years before, &c.

But Knowlton street was never regularly laid out or opened as a public highway or street, and did not become a "laid-out" street until the ordinance of September 2d, 1895, accepting the dedication of 1825 as aforesaid, and said vacating acts do not and did not affect it.

The fifth and last reason objects because the street is not necessary for public purposes. With this we have nothing to do. The public authorities of Belvidere determine that according to their judgment.

The proceedings of Belvidere and the ordinance brought here by this *certiorari* are affirmed, and the *certiorari* is dismissed, with costs.