## SYLVESTER VALENTINE vs. THE MAYOR AND CITY COUNCIL OF HAGERSTOWN.

*Municipal Corporations—Taxation—Agricultural Land Within City Limits.*

The Act of 1884, ch. 58, creating a new charter and extending the limits of Hagerstown provided that the land so annexed should not be assessed for the purpose of municipal taxation until streets should be opened through the same, and that then such land should be assessed for the distance of 240 feet back from the line of a street. Plaintiff, the owner of agricultural land within the annexed district made and recorded a map of the same upon which streets and lots were designated. None of these streets were accepted and graded by the city. *Held*, that the new charter was not an acceptance of streets so dedicated, and that the city could not tax land which was within 240 feet of such dedicated street, but not within that distance of a street actually condemned and opened, because the purpose of the Act was to limit taxation for municipal purposes to land within 240 feet of the line of such streets as the municipality saw fit to open, upon the principle that the owner in consideration of the tax should enjoy the benefit of improvements.

Appeal from an order of the Circuit Court for Washington County (STAKE, J.)

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, PAGE, ROBERTS, BOYD and RUSSUM, JJ.

*Wm. J. Witzenbacher*, for the appellant, submitted the case on brief.

*A. C. Strite*, for the appellee.

RUSSUM, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Washington County, in equity, dismissing the bill of complaint of the appellant praying an injunction against the appellees to restrain the collection of taxes levied and assessed by the appellees against the appellant. The bill alleges that prior to the Act of 1884, chapter 58 (Code of Pub. Local Laws, Art. 22, §§ 155–221, inclusive), the complainant was the owner of certain land which, by that Act, became included within the corporate limits of Hagerstown : That the said land is not liable to taxation for municipal purposes, but is exempt until the happening of certain contingencies mentioned in said Act of Assembly and that there has not arisen any contingency whereby the said lands have been rendered liable to taxation. The material and uncontroverted facts which we gather from the statement of facts, and other papers in the record are these : Sylvester Valentine, the appellant, being the owner of a tract of agricultural land, adjoining the town of Hagerstown, caused the same to be platted and laid out as "Valentine's Addition to Hagerstown," and on the 13th December, 1882, had said plat recorded among the Land Records for Washington County. Afterwards, the Legislature by the Act of 1884, chapter 58, repealed all prior legislation creating a municipal government, provided for an entire new system of government, and enlarged the boundaries of the town, so as to include "Valentine's Addition." On the third day of October, 1889, the appellant and his wife conveyed a portion of this land to Lewis H. Valentine, who on the same day caused it to be platted and recorded the plat. On the 12th day of April, 1892, the appellant conveyed another parcel of this land to John W. Valentine, and on the 13th of April, 1892, still another portion was conveyed to William J. Valentine. In the deed to Lewis H. Valentine the appellant reserved to himself and his assigns "an uninterrupted right of way" over a portion thereof, and the parcels conveyed to John W. and William J. Valentine were

described as on the west side of a " proposed street." No taxes were ever paid to the municipality of Hagerstown by the appellant, nor were any ever demanded until 1895, when this suit was begun. The property proposed to be taxed is not within two hundred and forty (240) feet of Mechanic street, the nearest street that has been accepted by the town, nor within that distance of any turnpike or public road, but is within that distance of Carrollton avenue and Carroll street as laid down on the plat.

The contention of the appellee is that the land known as " Valentine's Addition " having been laid out by the appellant into building lots, thereby ceased to be exempt as agricultural land, and became liable to taxation for municipal purposes. In other words, that the land laid out and platted by the appellant, having been brought within the town limits by the new charter, the acceptance of the new charter by the town operated as an acceptance of the so-called streets, as laid out and dedicated by the appellant to the public use, as public highways. This contention assumes that the new charter does not fix any right or duty upon the Mayor and Council touching the laying out and opening of streets, or impose any restriction on the taxing power of the municipality, and is clearly erroneous. Assuming, but not deciding, that the making and filing of the plat by the appellant, on which certain streets were laid down, operated as a dedication, to be used as such when required by the public exigencies, it is manifest that the Legislature never intended that the mere acceptance of the new charter should impose on the municipality the duty of improving or keeping in repair every thoroughfare that some individual may have laid out through his lands, or else the specific directions for laying out and opening streets and highways, within the new as well as the old limits, never would have been incorporated in the charter. The dedication may, as urged by the appellee, be complete, but to make them public streets within the meaning of the charter there must be an acceptance of the dedication according to law. 2 *Code*

*Pub. Local Laws*, Art. 22, sec. 183, *et seq.*; *Kennedy* v. *Mayor, &c., Cumberland*, 65 Md. 520; 2 *Dillon Mun. Corp.*, 636; *Cass Co.* v. *Banks*, 44 Mich. 467; *Abbott* v. *Cottage City*, 143 Mass. 521.

That this is the true construction of the charter as to what is meant by the word "street" is plainly established by section 194 of the charter, which provides that "the real estate and improvements thereon, situated within the former boundaries of the town" and the *extended limits*, as fixed by section 154, "shall not be assessed and taxed for municipal purposes, until a street shall be laid out and opened *through the same*, but when a street shall be *laid out and opened through said real estate*," then the land "abutting on said street and improvements thereon to a distance of two hundred and forty feet back from the line of said street shall be assessed and taxed for municipal purposes." This language shows that the purpose of the Legislature was to leave to the authorities of the town the discretion as to what streets shall be "laid out and opened" within the limits of the town; otherwise the provision that "*when* a street shall be laid out and opened through said real estate, the land abutting on said street, and improvements thereon, should be "assessed and taxed for municipal purposes" is meaningless. The evident purpose of the Legislature was to limit the power of taxation for municipal purposes to a distance of two hundred and forty feet "back from the line" of such streets as the corporate authorities saw fit to lay out and open, and was a recognition of the principle that property owners, in consideration of being taxed, should enjoy the benefits of the improvements made with the municipal taxes.

Whilst it may be true that Carrollton avenue and Carroll street have been, since the alleged dedication, used as streets by the owners of property on the map, and may have been generally considered streets of the town, yet there has never been any formal acceptance of either of them, by the authorities of the town, and until that has been done, accord-

ing to law, they have not been " laid out and opened " within the meaning of the charter ; and as the property of the appellant, sought to be taxed, is not within two hundred and forty feet of any street " laid out and opened " by the municipal authorities, the contingency which renders it liable to be assessed and taxed, for municipal purposes, has not arisen.    2 *Code Pub. Local Laws*, Art. 22, sec. 194 ; *Kennedy* v. *Cumberland*, 65 Md. 523 ; *Beasley* v. *Belvidere*, 35 Atl. Rep. 797.

The order of the Court below dismissing the appellant's bill of complaint will, therefore, be reversed and the cause remanded for further proceedings in accordance with this opinion.

*Order reversed and cause remanded.*

(Decided December 2nd, 1897).