FREDERICK W. STORY, Examiner of Titles, and CHARLES D. FENHAGEN, Comptroller *vs.* ALFRED J. ULMAN.

*Dedication of Streets—Revocation when same Person becomes Owner of Street and of Adjoining Land before Acceptance.*

A dedication of a street arising from the fact that the owner conveyed land abutting thereon to a grantee by a deed describing it as binding on the unopened street, is revoked when such grantee acquires the fee in the bed of such street before there has been any acceptance or use of the street by the public.

Appeal from Baltimore City Court (Phelps, J.).

The cause was argued before McSherry, C. J., Bryan, Fowler, Briscoe, Page and Boyd, JJ.

*John V. L. Findlay,* for the appellants.

*M. R. Walter,* for the appellee.

Bryan, J., delivered the opinion of the Court.

The controverted question in this case is whether Tenth street in the city of Baltimore has been dedicated as a public highway.

In May, eighteen hundred and ninety-one, the Mayor and City Council of Baltimore passed an ordinance for the condemnation and opening of this street, to be of the uniform width of sixty-six feet from the west side of Charles street westwardly to the east side of Maryland avenue. After the usual proceedings the Commissioners for Opening Streets made their estimate, awarding damages and assessing benefits. Among other awards, damages were allowed to Alfred J. Ulman for a strip of thirty-three feet condemned for the northern

half of the proposed street. The final return of the Commissioners was certified to the City Register, and the usual notice was given by publication in three daily newspapers that the books and papers would remain in his office for thirty days for examination by all persons interested; and that an appeal might be taken within that time to any Court of competent jurisdiction. The thirty days having fully expired and no appeal being prayed by any person interested, the return was in due course on the ninth day of January, eighteen hundred and ninety-three delivered to the Comptroller. According to the Baltimore City Code no money can be paid by the city except through a warrant of the Comptroller upon the Register. The Comptroller refuses to issue his warrant in favor of Mr. Ulman unless the Examiner of Titles will certify that he is entitled to receive the money awarded to him as damages. The Examiner of Titles insists that Ulman has no right to the damages awarded to him for the portion of Tenth street which was condemned.

A petition was filed by Ulman for a mandamus commanding the Examiner to certify to his title, and commanding the Comptroller to issue his warrant to the Register. After answer and hearing, the mandamus was ordered by the Court. We learn from the record that this proceeding was adopted by the consent of the parties in order that it might be decided whether Tenth street had been dedicated to the public. We shall, therefore, give our opinion on this question; passing by the obvious result of the condemnation proceedings that the award to Mr. Ulman is conclusive as to the value of the property and the damages which he will sustain by taking it. *Article 47, section 10, Baltimore City Code of 1879; Norris* v. *Baltimore,* 44 Md. 605. The question of dedication must be decided by what appears in the record. In May, eighteen hundred and seventy, William Holmes conveyed a lot in fee simple to John Sinclair on the east side of Charles street, and binding about a hundred and eighty-four feet on the south side of Holmes (now Tenth) street as laid down

on a plat annexed to the deed. This deed contained the following clause: " Together with the buildings and improvements upon said described lot of ground, erected, made or being, and all and every the rights, alleys, ways, waters, privileges, appurtenances and advantages to the same belonging or in anywise appertaining, including the right, use and privilege of all the streets, lanes and alleys laid down on the plat heretofore annexed, so far as the same extend over the tract called Liliendale." In October, eighteen hundred and seventy-four, Sinclair conveyed this property in fee to Ulman. In October, eighteen hundred and seventy, Holmes leased to the Peabody Heights Company for ninety-nine years, renewable forever with the privilege of redemption, a large tract of land including the tract hereinafter mentioned as conveyed by it to Ulman. This lease contained the following words: " Subject, however, to the right and privilege of the use by the said William Holmes of the beds of Holmes, Barnum and St. Paul streets as the same are laid down on a plat accompanying the deed from the said William Holmes to a certain John Sinclair, bearing date the 12th day of May, 1870, and recorded among the land records of Baltimore County in Liber E. H. A. No. 66, folio 343, &c., and subject also to the right, use and privilege of all the streets laid down on said plat so far as the right, use and privilege thereof were granted to the said Sinclair by said last mentioned deed." It is unquestionable that Sinclair acquired the right to use Holmes street from the eastern side of Charles street to the next public street, and that there was a dedication of this part of the street by the deed to him from Holmes. The doctrine in *Hawley's case*, 33 Md. 280, and in *Frick's case*, 82 Md. 77, will apply here. But it is not clear that Sinclair's deed works a dedication of Holmes street west of Charles street; or that (with the exception mentioned) either of these deeds or both of them would make a dedication of the streets named in them. Events subsequent to the execution of these deeds which have become known to the Court in cases brought here by appeal

show that these streets have been dedicated.  The last
of these cases is *Wilson* v. *Peabody Heights Co.*, 82 Md.
186.  We suppose that in deciding questions, we are
confined to the facts stated in the record.  But it would
be embarrassing to decide in one case that streets had
not been dedicated, when the facts in another case which
had been before us, show that they had been dedicated.
We will, therefore, proceed with the consideration of
this case, upon the assumption that the streets were
dedicated by these deeds.  But when a dedication is
presumed from the implied covenant in a deed which
arises from a call for a street as a boundary line, this
dedication will be defeated, if the covenant is rescinded
before the street is opened, or used by the public.  *Hall*
v. *Mayor &c. of Baltimore*, 56 Md. 195.  The covenantee,
or grantee, is the party to whom the easement in the
street is granted, and the public obtain the right to use
it as a street, because the covenant entitles the grantee
to have a public street, and not a private right of way.
But when the covenantee or grantee validly acquires a
fee simple in the land subject to this easement, before
there is any public use of it, the easement is extinguished
because all interests in the land are thus united in the
same owner, and the covenant can have no further oper-
ation.  And if a dedication is presumed from any other
covenant between grantor and grantee, or lessor and
lessee, the dedication will likewise be defeated whenever
the covenant is cancelled, before other rights supervene.
On the twenty-fifth day of November, eighteen hundred
and ninety-two, the Peabody Heights Company con-
veyed to Ulman in fee a tract of land on the west side of
Charles street, which included thirty-three feet of the
bed of Holmes or Tenth street as laid out in the con-
demnation proceedings, being the northern half of it;
Holmes street was, however, not in any manner men-
tioned in the deed.  On the same day the Peabody
Heights Company acquired the fee in the land sold to
Ulman, by receiving a conveyance of the reversion re-
served by Holmes, so far as it concerned this particular
portion of the tract.  Holmes (or Tenth street) has

never been opened or used as a street or way. There is nothing on the face of the land to designate it as a street, or to distinguish it in any respect from other portions of the Holmes tract. When Ulman acquired Sinclair's title, of course, he became invested with all easements in the streets which had been conveyed to Sinclair. Assuming that an easement extended west of Charles street, and that it would support a presumption that Holmes street was dedicated there; yet the street not being opened, or used by the public, and no one but Ulman having acquired an easement in it, a valid conveyance to him in fee of the bed of the street would merge the easement in the part conveyed, and would defeat the dedication. The Peabody Heights Company being the owner of the fee did convey to Ulman the northern half of the bed of the street. All the right and interest which could exist in this portion of the street must have been derived from the owner of the fee; and this owner conveys all his title to Ulman. So far as the Ulman tract is concerned, the conveyance of the reversion to the Peabody Heights Company invested it with every right and interest which had been reserved to Holmes in the lease, including the right to the use of Holmes street. The leasehold in the Ulman tract became an absolute fee simple. It is impossible to see how any one could have any right, title or interest in this portion of Holmes street, except the owner of the fee and his grantee. Mr. Ulman's title to the thirty-three feet condemned is not affected by any dedication.

The order of the Court below must be affirmed with costs.

*Order affirmed.*

(Decided June 30th, 1898.)