## MAYOR AND CITY COUNCIL OF BALTIMORE ET AL.
### *vs.*
## THE CANTON COMPANY OF BALTIMORE.

*Streets: dedications; deeds and plats; acceptance; estoppel.*

The dedication of a street to public use, by plats and deeds merely, does not make the street a public highway; for such a dedication to become irrevocable and binding, there must be an acceptance of it on the part of the public authorities.  p. 630

Such acceptance, when express, must be proved by the records; but it may be implied from repairs made and ordered, or knowingly paid for by the authority which has the legal power to adopt the street or highway, or from long user by the public.
p. 632

In such cases, the finding of the facts is for the jury, with appropriate instructions from the Court as to their legal effect.
p. 630

When a street dedicated to the public merely by deeds and plats of the grantee, had never been expressly or by implication accepted by the public authorities, nor ever used as a street for over 60 years after such deeds were recorded, and where the ground so dedicated had never been paved or lighted, but had been enclosed by a fence, and leased out and used by private parties, and for some 30 years the public authorities had assessed and collected taxes on the property, it was *held,* that the public authorities were then estopped from asserting any rights over the property, or from accepting the assumed dedication.
pp. 633, 634

*Decided January 11th, 1915.*

Appeal from the Baltimore City Court.   (GORTER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE,. BURKE, THOMAS, PATTISON, URNER and CONSTABLE, JJ.

The following are the prayers offered by the parties and the Court's action thereon:

## CANTON CO.'S PRAYERS.

I. The Petitioner prays the Court to rule as a matter of law that no legally sufficient evidence has been offered in the trial of this case to establish the fact that the lot in controversy is dedicated to the public use and that the Petitioner should, therefore, be awarded substantial damages for the taking thereof, equal to the fair market value of said lot. (*Refused.*)

II. The Petitioner prays the Court to rule, as a matter of law, that there is no evidence in this case that any of the maps, or plats, offered in evidence were ever distributed, or issued to the public by the Petitioner, or in any manner employed by the Petitioner, in procuring or making any sales or leases, of the lands of the Petitioner, or any agreement, or agreements, in respect thereto, and that there is no evidence in this case, legally sufficient to connect any of the deeds or leases, offered in evidence, with said plats, or maps, or any of them, and, therefore, that neither said deeds, or leases, nor said maps, or plats, whether considered separately, or in connection with each other, are legally sufficient to establish either a dedication, or any intention to dedicate to public use, the piece of ground in controversy in this case, and, therefore, the Petitioner, should be awarded substantial damages, equal to the fair market value of said piece of ground.   (*Refused.*)

III. The Petitioner prays the Court to rule, as a matter of law, that even if the Court shall find that the Petitioner tendered or offer to dedicate the land in controversy to the public for a street, nevertheless, upon the uncontradicted evidence in this case, the Court must further find that any

right, claim, easement or privilege on the part of the Respondent, or any other person whatever, arising, growing out of, or resting upon such tender, or offer to dedicate, if this Court shall find the same, was revoked, barred and extinguished prior to the attempted acceptance thereof by the Respondent, by the uninterrupted, open and adverse possession of said land by the Petitioner, as shown in the evidence, and, therefore, the Petitioner should be allowed substantial damages for the said land, equal to the fair market value thereof. (*Refused.*)

IV. The Petitioner prays the Court to rule, as a matter of law, that if the Court, as jury, shall find that no street, or public way, has ever, in fact, been actually laid out over, or across, the land in controversy in this case, or any part thereof, and shall further find, that from 1874 until 1896 the Petitioner demised and leased said land to tenants for use as a shipyard, as described in the evidence, and thereafter until 1901 held said land as the absolute owner thereof, and shall further find that from 1901 until 1913, the Petitioner demised and leased said land for use as a shipyard, as described in the evidence, and has ever since held said land, as the absolute owner thereof and shall find that throughout the entire period from 1874 to the institution of condemnation proceedings in this case by the Respondent, the possession and use and enjoyment of said land by the Petitioner and its tenants has been continuous, exclusive and adverse to the claim, or right of the Respondent, or of any person whatever, to the use of said land as a street, or public way, and shall further find that from or about 1883 to the present time, a fence has been maintained between said land, and the adjacent and contiguous streets and highways, and shall further find that a fence was erected and maintained by the owner of the premises binding on the east line of the premises in controversy separating said properties, and that said land has been assessed to the Petitioner as the owner thereof for taxation, and the Petitioner has

paid taxes on said land as the owner thereof, as mentioned
and described in the evidence, then any and every right,
claim, privilege or easement, in, to or for the use of said
land as a street, or highway, has been extinguished and
barred, and any dedication, or intention to dedicate, said
land to public use as a street, or otherwise, which may or
might be found, from the evidence has been revoked and
withdrawn, and the Petitioner is entitled to substantial dam-
ages for the taking of said land by the Respondent, equal
to the fair market value thereof.    (*Refused.*)

V. The Petitioner prays the Court to rule, as a matter of
law, that there is no evidence in this case that the Petitioner
ever tendered, or offered to dedicate the land in controversy
in this case, directly to the Respondent, and therefore, that
the rights of the Respondent, if any, to the easement claimed
and asserted in this case, are only co-extensive with and
measured by the rights of individual grantees and purchasers
of land belonging to the Petitioner to such an easement, if
any, and if the Court, as a jury, shall find the facts set forth
in the Petitioner's fourth prayer, and shall further find that
the only persons having any claim to an easement, or right
of way, in the land in controversy have acquiesced in and
consented to the erection and maintenances of the said fences
and to the use and enjoyment of said land by the Petitioner
and its tenants, in the manner and for the time described
in the evidence, then all rights of any and every party to an
easement in, or right of way over said land, were abandoned
and extinguished prior to the attempted acceptance of an
assumed dedication of said land by the Respondent and the
Petitioner is entitled to substantial damages for taking of
said land equal to the fair market value thereof. (*Refused.*)

VI. The Petitioner prays the Court to rule, that if the
Court, sitting as a jury, shall find from the evidence, that
taxes were assessed upon and against the premises in con-
troversy, and were paid by the Petitioner during the times
mentioned in the evidence, and shall further find that from

the year 1874 to the year 1896 the premises in controversy were occupied by a tenant of the Petitioner, and shall further find that from 1896 to 1901 the said premises were in the possession of the petitioner as the owner thereof, and shall further find that from the year 1901 to the year 1913 the said premises were occupied by a tenant of the Petitioner. and shall further find that in or about the year 1883 the said premises were enclosed by a fence, having gates in it, and that the said premises from the time of the erection of said fence to the present time have been occupied by tenants or agents of the Petitioner, and that the said gates have been closed except when opened by permission of the Petitioner or for the convenience of the Petitioner, or of its tenants or agents respectively, or for the prosecution of its or their business, then the Petitioner prays the Court to rule as a matter of law, that the Petitioner is estopped from asserting a right to the said premises or any part thereof, or to the use thereof, for street purposes, or any other purpose, even though the Court shall further find from the evidence, or in any matter legally deducible from the evidence, that the petitioner ever offered or indicated an intention to offer the premises for any public purpose whatsoever. (*Refused.*)

VII. The Petitioner prays the Court to rule as a matter of law that in estimating the damages to be awarded said Petitioner for the fee simple property by these proceedings condemned, the Court sitting as a jury is to award such amount as the Court so sitting finds from the evidence the property to be worth at a voluntary sale. (*Granted.*)

VIII. The Petitioner prays the Court to rule as a matter of law that the true rule for arriving at the amount to which the Petitioner is entitled for the fee simple property belonging to it and by these proceedings condemned as shown in the evidence is to value said land taken for Linwood avenue precisely as if no street is to be opened over it. (*Granted.*)

### CITY'S SPECIAL EXCEPTIONS.

1: The defendant specially excepts to the granting of the plaintiff's third prayer, because there is no evidence in this case legally sufficient to prove that the dedication of the lot of ground mentioned in the proceedings and sought to be taken was revoked, barred, or extinguished prior to the acceptance thereof by the City; and

(2) There is no evidence in this case legally sufficient to show any uninterrupted, open, or adverse possession of the land referred to in the case by the Petitioner herein.

2: The defendant specially excepts to the granting of the plaintiff's fourth prayer, because there is no evidence in this case legally sufficient to prove that the Petitioner from 1874 to 1901 held the land in question as the absolute owner thereof; and

(2) There is no evidence in this case legally sufficient to show that throughout the entire period from 1874 to the institution of the condemnation proceedings in this case, possession, use, and enjoyment of the land sought to be condemned by the Petitioner and its tenants has been continuous, exclusive and adverse to the claim or right of the defendant.

3: The defendant specially excepts to the granting of the plaintiff's fifth prayer, because there is no evidence in this case legally sufficient to prove that the only persons having any claim to an easement or right of way in the land in controversy had acquiesced in and consented to the erection and maintenance of the fence referred to, and to the use and enjoyment of said laid by the Petitioner and its tenants, exclusively and adversely to the rights of such persons.

### CITY'S PRAYERS.

I. The defendant prays the Court to declare as a matter of law, applicable to this case, that the plaintiff has offered no evidence legally sufficient to entitle it to any other or different damages than those awarded to it by the Commissioners for Opening Streets, and, therefore, the verdict

should be in confirmation of the award of the Commissioners for Opening Streets. (*Refused.*)

II. The defendant prays the Court to declare as a matter of law, applicable to this case, that the plaintiff has offered no evidence legally sufficient to entitle it, for its interest in the property sought to be condemned, to any damages other than nominal damages, and that, therefore, the verdict in this case shall be limited to nominal damages. (*Refused.*)

III. The defendant prays the Court to declare as a matter of law, applicable to this case, that the lot of ground delineated on the condemnation plat of the Commissioners for Opening Streets, in evidence in this case and for the taking of which by the defendant the plaintiff, Petitioner, claims compensation, was dedicated to public use as a street by the deed in evidence, dated the 1st day of May, 1846, from the Canton Company of Baltimore to Alfred Munson, recorded among the Land Records of Baltimore City in Liber A. W. B. No. 365, folio 438. (*Granted.*)

IV. The defendant prays the Court to declare as a matter of law, applicable to this case, that the lot of ground delineated on the condemnation plat of the Commisioners for Opening Streets, in evidence in this case and for the taking of which by the defendant, the plaintiff, Petitioner, claims compensation, was dedicated to public use as a street by the deed in evidence, dated the 1st day of May, 1846, from the Canton Company of Baltimore to Alfred Munson, recorded among the Land Records of Baltimore City in Liber A. W. B. No. 365, folio 438, and the Canton Company's plat referred to therein. (*Granted.*)

IV-a. The defendant prays the Court to declare as a matter of law, applicable to this case, that the lot of ground delineated on the condemnation plat of the Commissioners for Opening Streets, in evidence in this case and for the taking of which by the defendant, the plaintiff, Petitioner, claims compensation, was dedicated to public use as a street by the deed in evidence, dated the 1st day of May, 1846, from

the Canton Company of Baltimore to Alfred Munson, recorded among the Land Records of Baltimore City in Liber A. W. B. No. 365, folio 438, and the Canton Company's plat referred to therein, and that said dedication has been accepted by the Mayor and City Council of Baltimore, and the plaintiff is, therefore, entitled to nominal damages only. (*Refused.*)

V. The defendant prays the Court to declare as a matter of law, applicable to this case, that the lot of ground delineated on the condemnation plat of the Commissioners for Opening Streets, in evidence in this case, and for the taking of which by the defendant the plaintiff, Petitioner, claims compensation, was dedicated to public use as a street by the deed, in evidence, dated the 1st day of May, 1846, from The Canton Company of Baltimore to Alfred Munson, recorded among the Land Records of Baltimore City in Liber A. W. B. No. 365, folio 438, and that said dedication has been accepted by the Mayor and City Council of Baltimore, and the plaintiff is, therefore, entitled to nominal damages only. (*Refused.*)

VI. The defendant prays the Court to declare as a matter of law, applicable in this case, that under a proper construction of the deeds and plats offered in evidence, the lot here being condemned must be held to have been dedicated to public use as a street. (*Granted.*)

VII. The defendant prays the Court to declare as a matter of law, applicable to this case, that under a proper construction of the deeds and plats offered in evidence, the lot here being condemned must be held to have been dedicated to public use as a street, and that by the undisputed evidence in the case said dedication has been accepted by the Mayor and City Council of Baltimore; therefore, the plaintiff, Petitioner, is entitled to nominal damages only. (*Refused.*)

VIII. The defendant prays the Court to declare as a matter of law, applicable to this case, that the lot of ground sought to be condemned and for the taking of which by the

defendant the plaintiff, Petitioner, claims compensation, was dedicated to public use as a street by the deed offered in evidence bearing date the 1st day of May, 1846, from The Canton Company of Baltimore to Alfred Munson, recorded among the Land Records of Baltimore City in Liber A. W. B. No. 365, folio 438, and The Canton Company's plat referred to therein, and that there is no evidence in this case legally sufficient to prove a revocation of said dedication. (*Refused.*)

IX. The defendant prays the Court to declare as a matter of law, applicable in this case, that if the Court, sitting as a jury, shall find, under the other instructions granted in this case, that the property sought to be condemned has been dedicated to public use as a street, then the Court, sitting as a jury, shall award only nominal damages, but if the Court, sitting as a jury, shall not so find, then the true measure of damages to be awarded to the plaintiff, Petitioner, for its interest, in said property sought to be condemned is its fair market value at the present time and in its present condition. (*Granted.*)

X. The defendant prays the Court to declare as a matter of law, applicable to this case, that in determining the amount of damages to be awarded it is not at liberty to indulge in vague speculations or conjecture. (*Granted.*)

XI. The defendant prays the Court to declare as a matter of law, applicable in this case, that the undisputed evidence in this case proves that the lot of ground sought to be condemned in this proceeding, has been dedicated to public use as a street, and if the Court, sitting as a jury, shall find that said dedication has been accepted by the City, then the plaintiff, Petitioner, is entitled to nominal damages only. (*Refused.*)

The Court's instruction is set out in the opinion.

*Benj. H. McKindless* and *Robert F. Leach, Jr., Assistant City Solicitors* (with whom was *S. S. Field, City Solicitor,* on the brief), for the appellant.

*R. E. Lee Marshall* and *John G. Schlipp* (with whom was *Arthur Geo. Brown* on the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The questions in this case are presented on an appeal by the Mayor and City Council of Baltimore from an award and a judgment of inquisition rendered by the Baltimore City Court in favor of the Canton Company of Baltimore, the appellee here, in the matter of the condemning and opening of Linwood avenue from Boston street to the waters of the Patapsco River, in Baltimore City.

The strip of land in controversy, is about sixty feet wide by three hundred feet long, and was condemned by the Commissioners for Opening Streets under and by authority of Ordinance No. 284, of the Mayor and City Council of Baltimore, approved June 9th, 1913, which provided for its taking and condemnation, for use as a public street.

The amount of damages awarded to the appellee, on appeal from the action of the Commissioners for Opening Streets to the Batlimore City Court was increased from the nominal sum of five dollars to the sum of fifteen thousand dollars, and from this award and judgment, this appeal has been taken.

It is conceded, in the appellant's brief, that the amount of the award of damages made by the inquisition, in the Court below, is correct and free from objection, if it be held under the law and the facts of the case that the appellee is entitled to more than nominal damages as ascertained by the Commissioners for Opening Streets.

The record is a voluminous one and contains a large amount of testimony bearing upon the various questions raised in the Court below. There are twenty-nine bills of exceptions, embracing the rulings of the Court in the course of the trial.

The main and controlling questions presented on the record, are: First, whether the land in question was ever dedicated or offered for dedication as and for a public street; second, assuming there was a dedication of the street to the public, by the Munson deed in 1846, was there ever an

acceptance of it by the municipality, and, third, whether the appellee is now or ever was the owner of the land in question.

It may be conceded, under the facts of this case, that the land in controversy was dedicated, as and for a public street by reason of the description contained in the map and deed from the Canton Company to Alfred Munson dated May 1st, 1846, as contended for by the appellant, but this alone would not constitute it a public highway.

In the recent case of *Whittington* v. *Commissioners of Crisfield,* 121 Md. 392, this Court said, following the rule established by a long line of decisions upon this subject, that a dedication of a public street to public use by the plats and deeds does not make the street a public highway. Such a deed does not become final and irrevocable until there has been an acceptance of it on the part of the public authorities. *McCormick* v. *Baltimore,* 45 Md. 524; *Kennedy* v. *Cumberland,* 65 Md. 514; *Valentine* v. *City of Hagerstown,* 86 Md. 488.

The evidence fails in this case to disclose any such acceptance by the municipality, the appellant here, of the land in question, as the law requires, and the Court below, we think, was entirely right, in finding upon the facts, that the appellee was entitled to recover substantial damages for the condemnation of the land for public purposes.

The Court's instruction, in connection with the granted prayers, we think, stated the law, applicable to the case, as recognized by the authorities in this State. It is as follows:

"The Court declares the law, that notwithstanding the Court finds there was a dedication of the property in controversy by the deed from the Canton Company to Munson in 1846 and the plat of 1845, still if the Court, sitting as a jury, shall find from the evidence, that taxes were assessed upon and against the property in controversy, and were paid by the petitioner during the times mentioned in the evidence, viz: from 1876 to the present time, and shall further find that

from the year 1874 to the year 1896, the premises in controversy were occupied by a tenant of the petitioner, in the manner testified to by the witness McCosker, and shall further find that from 1896 to 1901, the said premises were in the possession of the petitioner as owner thereof, and shall further find that from the year 1901 to the year 1912 the said premises were occupied by a tenant of the petitioner, in the manner testified by the witness Rohde, and shall further find that in or about the year 1883, the premises were enclosed by a fence along Boston Street, having gates in it, and that said premises from the time of the erection of said fence to the present time, have been occupied by tenants or agents of the petitioner, and the said gates have been until recently opened by the permission of the petitioner or its tenants or agents, respectively, or for the prosecution of its or their business, and that said occupation by the petitioner and its tenants has been open, notorious, exclusive and adverse from 1874 to the commencement of the proceedings in this case against the defendant and every other person, and if the Court, sitting as a jury, finds that the purposes of right and justice require, then the defendant is estopped from asserting any right to said property, and the petitioner is entitled to substantial damages."

The Court below, it will be seen, properly ruled for its own guidance as a jury, in its action upon the prayers, what facts it was necessary to find in order to entitle the petitioner to recover in the case.

In *Kennedy* v. *Cumberland*, 65 Md. 514, it is said, this is quite in accord with the practice in this State, in similar cases where the facts are controverted or in dispute. The Court in such cases leaves the finding of the facts to the jury with appropriate instructions as to their legal effect, according as the jury may find them to be. And there is good reason why this rule should be applied in cases like the present.

for if the question of acceptance or adoption *vel non* should be left broadly to the finding of the jury, it would follow that the liability of a county or municipality would be left in uncertainty, depending upon the varying verdicts of different juries upon the same state of facts, instead of being, as it would be, settled and fixed by the law as described by the Courts.

In *Pope* v. *Clark,* 122 Md. 9, it is said, "Not only is an acceptance necessary, but it must be proved when express, by the records, or it may be implied from repairs made and ordered or knowingly paid for by the authority which has the legal power to adopt the street or highway, or from long user by the public." *State* v. *Kent Co.,* 83 Md. 377; *Canton Co.* v. *Baltimore,* 106 Md. 69; *Story* v. *Ulman,* 88 Md. 246.

In the late case of *Baugh* v. *Arnold,* 123 Md. 7, it is said: "The law as established in this State, *Canton Company* v. *Baltimore City,* 106 Md. 69, and elsewhere, is that the mere non-user of an easement even for more than twenty years will not afford a conclusive evidence of abandonment, but such non-user for a prescriptive period, united with an adverse use of the servient estate, inconsistent with the existence of the easement, will extinguish it."

The record in the case not only fails to disclose any evidence legally sufficient to show any acceptance by the City of the street, but the assumed easement has never been used as a street from 1846, the date of the Munson deed, to the present time, covering a period of over 67 years.

The *locus in quo* was rented by the appellee, in 1874 to one McCosker, at an annual rental of $200, and from that time to 1896, a period of 22 years, the premises was used and occupied by the tenant as a shipbuilding yard, and the rent paid therefor.

The tenant McCosker, in 1883, built a fence along the line between the property in question and the south side of Boston street, and this fence was maintained by the appellee as the owner of the land from 1896, when McCosker moved away,

M. & C. C. OF BALTO. vs. CANTON CO.     633

Md.]                    Opinion of the Court.

until 1901, when the premises were again rented as a ship-building yard to one Rhode and occupied as such by him until 1913.

It is stated in the appellee's brief, and supported by the proof, that from 1884 to the present day the property in controversy has been enclosed on all three sides by fences, from Boston street to the water front; and, in addition the owners and occupants on both sides of the property have recognized and assented to the use and occupation of the strip in controversy for private business purposes, by themselves leasing a portion of their own properties in aid and furtherance of the prosecution of the business conducted in and about said strip by the tenants of the Canton Company.

There has been no such user of the street by the public for the length of time required as would constitute it a public highway by prescription. On the contrary there has been a complete non-use of the easement either by the covantee or any one else.

In *Vogler* v. *Geiss,* 51 Md. 407, this Court said: "A cesser of the use, coupled with any act clearly indicative of an intention to abandon the right, would have the same effect as an express release of the easement without any reference to time." *Barnett* v. *Dickinson,* 93 Md. 267.

But apart from this, it appears from the records and plats of the Appeal Tax Court, that the City has assessed this property and collected taxes upon it since 1876, a period of more than thirty-eight years. The *locus in quo* was included in the land belonging to the Canton Company and assessed for taxation from 1876 to the re-assessment of 1896, and that in 1896 the premises were assessed to the Canton Company as a separate lot, and taxes paid thereon upon an assessed valuation of $14,117 until 1913. In 1913, at or about the same time that the Commissioners for Opening Streets condemned the premises for five dollars, the Appeal Tax Court re-assessed the *locus in quo,* and notified the Canton Company of their purpose to increase the assessment from $14,117 to $25,308.

There is also evidence tending to show that the City, never at anytime or in any manner attempted to exercise control over the property. The premises were never paved or repaired, or that they were lighted or patrolled.

Apart from any other consideration, we think, the City, under the facts and circumstances of this case, is estopped from now asserting any right to the property here in question, and from now accepting the assumed dedication. *Whittington v. Commrs. of Crisfield,* 121 Md. 392; *Dillon, Municipal Corporations,* 4th Ed., sec. 675.

There is no evidence to support the appellant's contention, of want of title to the property, in the appellee, and as its title is sufficiently established by the evidence, we need not discuss this objection.

From the views we have expressed it follows there was no reversible error in the rulings of the Court upon the prayers.

There were twenty-eight exceptions taken by the City, in the course of the trial, to the rulings of the Court, upon various motions and upon the admissibility of evidence. It is stated in the appellant's brief that the disposition of the questions raised by these exceptions will follow the ascertainment of a correct conclusion on the two main and controlling questions in the case, and that the City's case will be presented from that point of view rather than in detail with regard to each of the particular bills of exception.

We have examined these exceptions and do not consider it necessary to comment upon them, particularly or in detail. We find no reversible error on these rulings and what we have said on the main questions presented by the record, is sufficient to dispose of them. The order and judgment of inquisition will be affirmed.

*Rulings affirmed, with costs.*