## THEODORE A. OGLE *vs.* THE MAYOR AND CITY COUNCIL OF CUMBERLAND.

*Highways and Streets—Municipality Not Liable for Defective Condition of a Dedicated Street Unless it Has Been Accepted.*

Although a street may have been dedicated by the owner and used by the public, yet the municipality is not liable to a person injured in consequence of its defective condition, unless the dedication has been accepted.

In a condemnation proceeding by which a railway company was allowed to use the land of another private corporation, part of which

had been used as a way by the public but was not a street, it was stipulated that the railway company should provide another road. The new road passed under the tracks and crossed a ditch, which was occasionally cleaned by the city employees, but there had been no formal acceptance of the same by the city. *Held*, that the municipality is not liable for an injury caused to plaintiff by the defective condition of the new road.

Appeal from the Circuit Court for Washington County (Sloan, J.)

The cause was argued before McSherry, C. J., Fowler Briscoe, Page, Boyd, Pearce, Schmucker and Bond, JJ.

*R. T. Semmes* (with whom was *W. H. Kealhofer* on the brief), for the appellant.

*James A. McHenry* and *De Warren H. Reynolds* (with whom was *Buchanan Schley* on the brief), for the appellee.

Schmucker J. delivered the opinion of the Court.

This case was instituted by the appellant to recover damages from the city of Cumberland for personal injuries sustained by him from falling into a ditch or sewer at the point where it crossed a road, which he contends was a public street of that city.

The facts of the case are substantially as follows : Prior to the year 1887 persons and vehicles having occasion to pass in either direction between Creek street, in the city of Cumberland, and the basin of the Chesapeake and Ohio Canal were in the habit of crossing in a nearly direct line over the land of the canal company, lying between the basin and the corner of Creek and Canal streets. Early in 1887 the West Virginia Railroad Company acquired this land from the canal company by condemnation and erected trestles and other structures upon it which prevented its use as a roadway and thus made it necessary to provide a new way of access to the canal basin from the corner of Creek and Canal streets.

In the condemnation proceedings, by which the railroad

company acquired this land, it was agreed in the presence
of the jury and set forth in the return of the inquisition
that another road, twenty-four feet wide, extending over the
condemned land from Creek street, near its intersection with
Canal street to the basin should be "kept open for the use
of the canal and the public for passing for all purposes for
which a public road is commonly used to and between
Creek street, and the canal." This new road crossed the
railroad track by passing under the trestle, which supported
the track, and just before passing under the trestle the
road crossed the ditch or sewer into which the appellant
fell when he was injured.

The appellant kept a saloon in a house near the basin,
which he rented from the canal company. He was injured
by falling into the ditch after dark on the evening of Feb-
ruary 1st, 1894, as he was going from Creek street along
the new road toward his saloon. He sued the city of
Cumberland for damages, alleging that this new road was
a public street, which it was the duty of the city to keep in
repair, but that it had negligently been permitted to be in a
dangerous condition, &c., &c.

There never was any grant to the city of the new road
as a street, nor was there ever any formal acceptance by the
city of its dedication to public use, but the appellant relies
upon the facts about to be mentioned as amounting to an
implied acceptance by the city. In January, 1891, the
City Council, in response to a petition addressed to it by
the appellant, ordered a light to be placed "at or near the
railroad crossing under the trestling of the West Virginia
Railroad leading to the towpath," and appointed a committee
to execute the order. This committee finding a light already
located within fifty feet of the place where the road crossed
under the trestle, advised that this lamp be moved into
such a position as would throw its light upon the crossing
under the trestle, and the council ordered it to be done,
but it had not in fact been done when the accident to the
appellant occurred. The ditch into which he fell had for

many years carried the surface water from Creek and other streets down to the canal basin, and on one or more occasions, prior to the accident, the employees of the city had been seen to clean out the ditch and scrape the surface of the streets which it drained.

In November, 1886, the City Council passed an ordinance accepting an offer of the railroad company to locate its freight depot so as to occupy a portion of the east side of the bed of Canal street, at and near its intersection with Creek street, upon condition that the railroad company would give to the city sufficient land on the west side of the street to maintain its original width.

The Court below being of the opinion that none of the transactions appearing in evidence were legally sufficient to show an acceptance by the city of Cumberland of the twenty-four foot road on which the accident occurred as a public street granted the prayer of the defendant taking the case from the jury, and the plaintiff appealed.

There can be no question that the facts of this case establish a dedication to public use by the railroad company of the road upon which the appellant was injured. As between the owner of the land covered by the road and the public, the latter were entitled to use it as a highway, but that did not of itself impose upon the city the obligation to keep the road in repair nor make it liable for accidents occurring from the defective condition of the road. Before the appellee can be held liable for the injury for which the present suit was instituted, it must appear that there had been an acceptance by it through the acts of its authorized public departments or officials of the road on which the accident happened, as one of its public streets. *Kennedy* v. *Mayor, &c., of Cumberland*, 65 Md. 520; *State, use of James* v. *Kent Co.*, 83 Md. 377; *Valentine* v. *City of Hagerstown*, 86 Md. 486; *2 Dillon on Municipal Corporations*, sec. 642.

These authorities hold that the acceptance of a street by a municipality "may be either express and appear of record or they may be implied from repairs knowingly made or

paid for by the authority which has the legal power to adopt the street or highway, or from long use by the public." They also hold that when public use is relied on to establish the acceptance, there must have been an uninterrupted use by the public for at least twenty years, and such use for a less time will be insufficient.

It is not contended in the present case that there has been an express municipal acceptance of the alleged street or a public use of it for more than twenty years, nor is there in our opinion proof of any acts or transactions on the part of the city or its authorized officials in reference to it affording proper evidence of an implied acceptance. Certainly the occasional cleansing of the ditch and the scraping of Creek and the other streets which it drains by the employees of the city can have no important bearing upon the subject, for it appears from the evidence that the ditch had been in existence for forty years before the road was opened. Nor is the fact that the City Council were willing to grant the appellant's request to have a light placed near the crossing of the road under the railway trestle important.

The appellant himself, although he offered the facts just alluded to in evidence, did not strongly rely upon them in argument, but he claimed that the leaving open by the railroad company of the new road in its condemnation proceedings and the passage shortly thereafter by the City Council of the ordinance allowing the railroad company to use a portion of the bed of Canal street must be taken as parts of a common scheme to accommodate both the railroad company and the city, from which an acceptance by the latter of the new road as one of its streets is to be implied.

An examination of these two proceedings makes it quite plain that this contention of the appellant cannot be maintained. Each of the two proceedings is complete in itself and neither one refers to or is dependent upon the other. The condemnation proceedings took away from the canal company the land over which access had theretofore been had to its wharf and basin from Creek street, and the new road

was simply provided by the railroad company in lieu of the one taken away. The city was not a party to the condemnation proceedings, nor does the former road over the condemned land appear to have ever been accepted by the city as a street. The ordinance in reference to Canal street fully covers the matter to which it relates and requires the railroad company to give to the city additional land on one side of Canal street in lieu of the portion on the other side of the street to be occupied by the depot. Further, this ordinance on its face recites that when its terms have been caaried out "the width of said street for traffic purposes will be increased 33 per cent."

The record fails to disclose any such acceptance by the appellee as the law requires of the road on which the accident to the appellant occurred, and therefore the Court below properly took the case away from the jury.

The judgment will be affirmed with costs.

*Judgment affirmed.*

(Decided November 23rd, 1899).