𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## TOWN OF VIRGINIA BEACH V. OGLE.

March 15, 1917.

1. STREETS AND SIDEWALKS—*Acceptance of Street by Town—Question for Jury.*—A survey and map of an unincorporated town was duly recorded and expressly referred to in the act of incorporation of the town thus answering the statutory requirements of Virginia Code 1904, section 1014. An action was brought by plaintiff for personal injuries caused by a defective board walk. The contention on behalf of the town was that the point at which the accident happened was originally an approach built by a railroad to a pleasure pavilion, and not a public street. The contention of the plaintiff was that the board walk was an extension of one of the original streets of the town, and that it had long been constantly used by the public and accepted and maintained by the town as a street. It appeared that the town did some repairing to the sidewalk in question. The case was fairly submitted upon this simple issue of fact, which the jury, upon conflicting evidence, resolved in favor of the plaintiff, and their verdict was approved by the trial court.

*Held:* That the verdict should not be disturbed.

Error to a judgment of the Circuit Court of Princess Anne county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*A. Johnston Ackiss,* for the plaintiff in error.

*J. Edward Cole,* for the defendant in error.

WHITTLE, P., delivered the opinion of the court.

The judgment under review was recovered by Mrs. Ogle against the town of Virginia Beach for personal injuries caused by a defective board walk on a public street of the town.

Virginia Beach was incorporated March 6, 1906 (Acts. 1906, p. 80), but long prior to that time the town had been laid off into lots and streets and had been built up and occupied as an unincorporated town known as "Virginia. Beach." The survey and map, called the "Hughes Map," was duly recorded and is expressly referred to in the act of incorporation, and answers the statutory requirement that,. "The council of every city and town shall (unless it has. already been done) cause to be made a survey and plan of such city or town, showing distinctly each lot, public street and alley therein, the size and number of the lots, and the width of the streets and alleys, with such explanations and remarks as may be deemed proper. * * *" Va. Code 1904, sec. 1014.

The town is a seaside resort connected with the city of Norfolk by the Norfolk Southern Railroad. The contention on behalf of the town is that the point at which the accident happened was originally an approach built by the railroad to a pleasure pavilion erected by the company for the accommodation of excursionists and passengers traveling over its line, but at the time of the accident a new excursion and amusement pavilion had been constructed by the company to which its patrons were taken by train; and that the use of the old pavilion had been discontinued.

The opposing contention of the plaintiff is that this board walk was an extension of Arkansas avenue, or Tenth street, one of the original streets of the town, and connected it with the board walk along the water front; and that it had long been constantly used by the public and accepted and maintained by the town as a street.

It is true exception was taken to the giving and refusal of instructions, but the case, at last, was fairly submitted upon a simple issue of fact, which the jury, upon conflicting evidence, resolved in favor of the plaintiff. Their verdict was approved by the trial court, and its ruling in the matter of instructions does not, we think, constitute reversible error.

The judgment must, therefore, be affirmed.

Sims, J., dissenting:

The vital point in this case is whether there was any duty resting upon the appellant to keep the sidewalk in repair when the accident occurred. The alleged breach of such duty is the basis of the action.

It does not necessarily follow that such duty existed if the street in question, whereon the said sidewalk was located, had been accepted by the appellant as a public street (as when the duty in question exists where there has been such acceptance, it is not necessary in this case to inquire), but the authorities are in accord in holding, and we do not understand that counsel for appellee controverts such position, that such duty did not exist unless such street had been accepted as a public street by the appellant.

Now such acceptance by a town may be express, that is by resolution of its proper corporate authority, or such acceptance may be implied from the acts of those exercising the corporate authority. *Harris' Case,* 20 Gratt. (61 Va.) 833.

The rule in Virginia as to highways is different. As to these, before the county can be charged with the duty to repair, etc., there must be evidence of an express acceptance by the proper authority. *Kelly's Case,* 8 Gratt. (49 Va.) 636. This rule, however, is not in accord with the weight of authority in other States. See note 27 Am. Dec. 563-6.

There is a difference between cases where the acceptance is beneficial from those where it entails a burden with respect to the proof of acceptance required. In the latter class of cases, the rule in Virginia seems to be that mere user by the public of the *locus in quo* will not of itself constitute an acceptance—that is, an acceptance will not be implied therefrom, unless such user be of a character and for the length of time corresponding with the requirements of the statute of limitations applicable to real actions in the jurisdiction where the question arises. *Harris' Case, supra; Winchester* v. *Carroll,* 99 Va. 727, 739, 40 S. E. 37; and authorities cited in those cases; Elliott on Roads and Streets, sec. 171, note.

The user by the public is not relied on in this case, as we understand it, to raise the implication of acceptance by the town for the reason that the latter was not incorporated until 1906, and sufficient period has not elapsed so that such implication could possibly arise.

Appellee contends, as we understand the position of counsel, that said acceptance by appellant was both (a) express and (b) implied, for the reason stated belonw. We will consider these positions in their order as stated.

a. Was there an express acceptance of said street by appellant?

Appellee, in the brief of counsel for her, bases her position that the street was expressly accepted by the town as a public street upon the claim that such street "was adopted" as a public street by the act of assembly by which appellant was incorporated. In oral argument of such counsel it was also urged that by virtue of section 1014 of the Code of Virginia (Pollard's Code, 1904), the plat referred to in the said act of incorporation, known as the Hughes map, is *prima facie* evidence of the existence of such public street, and hence of its acceptance by appellant as such. The majority opinion sustains the latter position. In this, for reasons stated below, I cannot concur.

The act of incorporation referred to, so far as pertinent, is as follows:

"Chap. 76.—An act to incorporate the town of Virginia Beach, in the county of Princess Anne, Virginia.

"Approved March 6, 1906.

"1. Be it enacted by the General Assembly of Virginia, That the following described territory in Princess Anne county be, and is hereby, incorporated as a town, to be known as Virginia Beach.

"2. Beginning at a point in the county of Princess Anne, on the Atlantic ocean, where the Chautauqua by the sea and W. H. Hall's line adjoin; thence running northerly along Atlantic ocean to Twenty-sixth street to Linkhorn bay; thence running southerly along Linkhorn bay and following the westerly boundary of the Virginia Beach Development Company's property until it strikes Parks avenue, as shown on the plat of Virginia Beach, recorded with the deed to Robert M. Hughes, duly recorded in the clerk's office of Princess Anne circuit court, July twenty-first, eighteen hundred and eighty-seven; thence running south down the center of Parks avenue through the property now or formerly the Atlantic Investment Company until it strikes the lines of the Virginia Beach Development Company's property; thence following the boundary of the Virginia Beach Development Company's property to a cove in Lake Rudee; thence running eastwardly along the southern boundary of the Virginia Beach Development Company's property to a point in Hall's line; thence eastwardly in a straight line to the point of beginning."

The plat referred to in this act is not of the territory thereby incorporated as the "Town of Virginia Beach," but of a larger territory theretofore designated by its private owners as "Virginia Beach." The reference in the act of assembly to the plat and streets thereon mentioned is manifestly for the sole purpose of designating the outside bound-

ary of the territory incorporated; not for the purpose of evidencing the acceptance of any streets as public streets.

Moreover, Arkansas avenue, or Tenth street, the street on which the accident occurred, which is the basis of the action in the instant case, is not mentioned in said act of incorporation.

Section 1014 of the Code of Virginia (Pollard's Code, 1904) is as follows:

"The council of every city and town shall (unless it has already been done) cause to be made a survey and plan of such city or town, showing distinctly each lot, public street, and alley therein, the size and number of the lots, and the width of the streets and alleys, with such explanation or remarks as they may deem proper. The said plan, when approved by the council, shall be entered in some one of their books, and afterwards recorded, in the case of a city, in the clerk's office of the corporation or hustings court of such city, and in case of a town, in the clerk's office of the county in which said town or the greater part thereof is, and when so recorded shall remain in said office. Said plan shall be *prima facie* evidence of the boundaries of the said lots, streets, and alleys."

It is manifest from the reading of this statute that before any plat can have the effect as evidence as prescribed thereby it must not only have been made, as the majority opinion assumes as sufficient, but must also be "approved by the council, * * * entered in some one of the books" of the town, "and afterwards recorded * * * in the clerk's office of the county in which said town or the greater part thereof is * * *" None of these statutory requirements appear in the instant case to be met by the plat relied on by appellee. Hence, this statute does not aid appellee in proof of the acceptance of the street in question as a public street by the appellant.

Therefore, there was no express acceptance of the street in question in the instant case.

b. Was there an implied acceptance of said street by appellant?

The only testimony before the jury of acts of appellant bearing on this question tended to show the following state of facts:

That the sidewalk in question was originally built by private parties before the town was incorporated; that it was kept in repair by the railroad company up until it moved its pavilion near by which this sidewalk passed, which occurred about two years before the accident which was the basis of the action; and that appellant did some repairing to the sidewalk in question—when, the character or amount, or under what circumstances, is not stated by the two witnesses who testify to this fact, nor does this information otherwise appear in evidence.

Further, a former town sergeant testifies that the mayor of the town on one occasion refused to give a concession to a private person for the use of the street on the side of which the sidewalk in question was located for some private purpose, the witness stating that in this the mayor acted under authority of the town council, and that latter decided that this was a public street and that it could not rent it out. Appellant objected to this parol testimony and called for record evidence of such alleged action of the town council.

Considering the matter of the alleged action of the town council referred to in the last paragraph, first: It is clear that the minutes of the meeting of the town council at the time of its alleged action was the best evidence of the alleged fact. Neither such record nor any copy from it was produced. No foundation was laid for introduction of secondary evidence on the subject. The parol testimony as to the

78

alleged action of the town council was, therefore, clearly inadmissible and must be regarded as not before the jury.

Coming now to whether the acts testified to of repairing the sidewalk done by appellant and of the mayor refusing the concession for use of the street alongside such walk for private purposes above referred to:

If the proof of such acts had shown that they were of a character inconsistent with any other position on the part of the town (appellant) than that it had accepted said street, it would have been sufficient to have warranted the jury in implying the fact that such acceptance had taken place. The testimony as introduced was far too meagre and indefinite to measure up to such requirement.

The testimony on this subject should furnish some definite evidence that the act relied on was in fact an act which was authorized by the proper corporate authority.

"A dedication of land for streets may be complete without any act of acceptance on the part of the public, but in order to charge the municipality with the duty to repair or make it liable for injuries there must be an acceptance of the dedication. It may be express or implied, and if implied by repairing, it must be repaired by the authority which has the legal right to adopt it." 2 Dillon on Mun. Corp., 642.

It is true two witnesses in the instant case testified that there was repairing done by appellant. But it was a conclusion of fact inadmissible as testimony upon objection being made, as was made, to its admissibility. (See for rule on this subject *Shenandoah Valley, &c. Co.* v. *Murray*, 91 S. E. 740, decided at this term of this court, 13 Va. App. 543). This testimony, to have been admissible, should have been of such specific character as to who did the repairing, when, under what circumstances, and what was the nature of the repairs as to have furnished some definite evidence that it was done directly or indirectly by the proper corporate authority.

The mere act of a surveyor repairing streets is not sufficient in itself to show acceptance. *State* v. *Bradbury*, 40 Me. 154-7.

There must be something more than an occasional act of repairing a street to constitute an acceptance. *Ogle* v. *Cumberland*, 90 Md. 59, 44 Atl. 1015.

For the foregoing reasons, I do not think that there was any evidence before the jury to sustain a finding that a duty rested on the appellant to repair the sidewalk in question, and hence the verdict should be set aside and a new trial granted.

*Affirmed.*