FRANK BEMBE ET AL. *vs.* THE COUNTY COMMIS-
SIONERS OF ANNE ARUNDEL COUNTY.

*Repair of County Bridge—Mandamus—Remedy at Law.*

A writ of mandamus will not be issued to compel the County Commissioners to repair a county bridge which has been defective, since the relators have an adequate remedy at law under Code, Art. 25, which provides a method by which parties interested may petition the Commissions to repair a public bridge and gives them a right of appeal to the Circuit Court from the action of the Commissioners.

Appeal from an order of the Circuit Court for Anne Arundel County (REVELL and REIFSNIDER, JJ.)

*James M. Munroe*, for the appellants.

*E. C. Gantt*, for the appellee.

McSHERRY, C. J., delivered the opinion of the Court.

This is an application for a writ of *mandamus*. The purpose for which the relators seek the writ is to compel the

County Commissioners of Anne Arundel County to repair a county bridge over Back creek. The bridge was constructed some years ago. It is a draw-bridge over a navigable river. Its erection was authorized by the General Assembly under the *Act of 1886, ch. 483.* The draw in the bridge has become defective and cannot be operated. It stands open and the bridge is consequently useless. The defect is conceded and the single question is : Will a writ of *mandamus* lie to require the County Commissioners to make the needed and proper repairs ?

As has been repeatedly said by this and other Courts, the writ of *mandamus* is a prerogative writ and does not issue *ex debito justitiæ.* There must be a clear, legal right in the relators and there must be an absence of an adequate legal remedy for the vindication of that right before redress by *mandamus* can be accorded. If, then, there be an adequate legal remedy to which the relators may appeal, there would be no authority for ordering the writ to be issued. In this view the controversy is materially simplified, as it hinges on the single question as to whether there is an adequate legal remedy for the redress of the wrong complained of and practically conceded. The Code furnishes an answer in the affirmative to that question ; and we are consequently relieved from the necessity of commenting on the reasons assigned for the non-repair of the bridge, and we are likewise relieved from discussing many questions which would otherwise demand consideration.

By *sec. 13, Art. 25 of the Code* it is provided that the County Commissioners of the several counties " may build and repair bridges and levy upon the property of the county therefor." By *sec. 19* to and including *sec. 34* of the same Article the method of proceeding relating to the building and repairing of bridges is particularly prescribed. In brief outline this method is as follows : Whenever it is deemed necessary that a bridge should be built or that a bridge already built should be repaired, application must be made by petition to the County Commissioners, after the publication, for thirty days, of a notice that the petitioners intend to make applica-

tion for the construction or repair of the bridge. After the County Commissioners have heard the reasons and evidence for and against the application they are required to determine the case, as in their judgment, will best promote the public convenience ; and they are also directed, when they have determined to build or repair a bridge, to levy on the assessable property of the county a sum sufficient to defray the expense of the work. All bridges are required to be built or repaired by contract, except where the cost of building or repairing does not exceed two hundred dollars. In the latter instance the manner of letting the work is placed in the discretion of the County Commissioners. In all cases where the County Commissioners have determined to build or to repair a bridge any citizen or citizens of the county, before a contract to build or to repair has been made, may in writing file a representation that the determination to so build or repair is inexpedient, and may request an appeal from such determination to the Circuit Court for the county. Upon such appeal being taken all the records, papers and proceedings in the case must be transmitted to the Circuit Court, "and thereupon the Circuit Court shall proceed to try and determine the matter according to justice and right, with or without the aid of a jury, as the parties may agree or the Court may order." By *sec. 31* it is enacted that "nothing contained in this Article shall authorize any County Commissioners to build or order to be built any draw-bridge, or any bridge across a navigable river." The section last quoted deprives the County Commissioners of authority to build any draw-bridge or any bridge across a navigable river, and as Back creek is a navigable river, it was necessary that the commissioners of Anne Arundel County should be specially empowered by the Legislature to construct the bridge in question ; and this was done by the *Act of 1886, ch. 483*, but beyond giving that authority the Act does not go. The Act is merely a legislative assent to the bridge being built and is not a mandatory direction that it should be built. But whether this be so or not is wholly immaterial, inasmuch as the question here involved has rela-

tion not to the building but to the repairing of a bridge.   It
will be observed that *sec. 31, Art. 25 of the Code* does not
make a different provision for the *repair* of a bridge which has
been built over a navigable river, from the provision which
obtains in regard to the repair of a bridge over a non-navig-
able river.   Whilst by reason of *sec. 31* the County Commis-
sioners are not authorized to *build*, under the other sections
of *Art. 25*, any bridge over a navigable river, the general pro-
visions of *Art. 25* in relation to *repairing* a bridge previously
built across such a river are in no way interfered with or
modified ; and it is obvious that precisely the same proceed-
ings must be pursued with respect to the *repairing* of a bridge
over a navigable river as are required to be followed in repair-
ing a bridge over a non-navigable river, unless the statute
authorizing the construction of the bridge over the navigable
river specially points out and enjoins some other and different
method for doing the work.   This being so, all bridges,
whether over navigable or non-navigable rivers, must be re-
paired pursuant to the method prescribed in *Art. 25 of the
Code.*   The method is a statutory method and must be followed.
If followed there is a full, complete and adequate remedy pro-
vided in a Court of law on appeal by the relators from the
decision of the County Commissioners, and the judgment of
the Court of law in such appeal would be final and conclusive.
If the relators in this case, instead of applying for a writ of
*mandamus*, had given a thirty days' public notice of their inten-
tion to petition the County Commissioners for the repair of
the bridge in question ; and if after the lapse of the notice the
petitioners had filed their petition asking for such repair ; then
the County Commissioners would have been bound to pass
upon the request, and if they had decided adversely to the
prayer of the petition an appeal could have been taken to the
Circuit Court for Anne Arundel County, and that tribunal is
clothed with ample jurisdiction to review the decision appealed
against and " to try and determine the matter according to
justice and right."   Thus the statute in explicit terms gives
to the relators an adequate and complete remedy, adapted to

the precise condition of which they complain and moulded by the Legislature to fit the exact circumstances of the case. Should a Court of law upon an application for a writ of *mandamus* undertake to order the County Commissioners to repair the bridge it could only do so by deliberately disregarding and repudiating the statutory remedy especially provided to meet just the contingency which is here presented. In the face of this specific remedy neither the Court below nor this Court on appeal could, in the light of settled legal principles, undertake to interpose by the writ of *mandamus*, and thereby deprive the Circuit Court of the clearly defined appellate jurisdiction exclusively conferred upon it. The Circuit Court refused to issue the writ of *mandamus*, and in view of what we have said it is quite apparent that its action was entirely right. The order dismissing the petition will therefore be affirmed.

*Order affirmed with costs above and below.*

(Decided January 16th, 1902.)