COUNTY COMMISSIONERS OF CARROLL COUNTY
*vs.* THOMAS N. RICKELL.

*Obstruction of Highway.—Mandatory Injunction—Sufficiency of Bill.*

A bill for an injunction to restrain an alleged encroachment on a public highway by the construction therein of porches and steps for houses abutting thereon, *held* to be sufficiently definite.
p. 468

The use and maintenance of an alleged highway as such for forty years establish a public highway by prescription.    p. 468

A bill to enjoin the obstruction of a street, which alleged that the street had been used for forty years as a highway and had been maintained during all that time by the county commissioners, *held* sufficient, even though the plats filed as exhibits did not affirmatively show the width of the street.                    p. 469

In a bill to restrain the obstruction of a street, an averment as to the width of the street *held* to refer to the width at the point of the encroachment.                    p. 469

Equity may grant relief by injunction against an encroachment on a highway.                    p. 469

The control of a city over streets is attended with the duty of preserving them for their legitimate purposes, and the municipal authorities cannot divest themselves of this trust.    p. 469

An encroachment upon a public highway is a public nuisance which may be abated by a mandatory injunction.                    p. 469

The provision of Acts 1906, ch. 365, applicable to Carroll County, that the proper location and width of a county road shall be determined by a resurvey when doubt exists as to the proper location or width of the road, or the county commissioners deem it expedient, cannot be invoked in connection with a demurrer to a bill to enjoin the obstruction of a road, which contains positive allegations as to the location and width of the road.                    p. 470

*Decided November 13th, 1924.*

Appeal from the Circuit Court for Carroll County, In Equity (Moss, J.).

Bill by the County Commissioners of Carroll County, a corporation, against Thomas N. Rickell. From an order sustaining a demurrer to the bill, plaintiff appeals. Reversed.

The cause was argued before BOYD, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, and BOND, JJ.

*Guy W. Steele,* with whom were *W. L. Seabrook* and *Ivan L. Hoff* on the brief, for the appellant.

*Edward O. Weant,* for the appellee.

ADKINS, J., delivered the opinion of the Court.

This is a proceeding, instituted by the appellant, wherein a court of equity is asked to secure by mandatory injunction the removal of obstructions erected by appellee in an alleged public highway. The bill alleges that the Ridge Road, leading from Westminster to Mt. Airy, which enters Westminster on Liberty Street, is a public highway under the charge and supervision of the plaintiff, the County Commissioners of Carroll County, the portion of said road which enters Westminster on Liberty Street being called "Liberty Street Extended"; that in the year 1865 the land lying on the south side of Liberty Street in the city of Westminster and on Ridge Road adjacent to Westminster was owned by John T. Lynch, who laid it out into lots fronting on Liberty Street and "Liberty Street Extended," making a plot thereof, which was duly filed and recorded in the clerk's office of the Circuit Court for Carroll County, a certified copy of which is filed with the bill of complaint; that from that time (if not before) Liberty Street was opened fifty feet wide, including the gutters and pavements on each side thereof; and the Ridge Road beyond the corporate limits of Westminster, being a continuation of Liberty Street, was also widened as aforesaid by the said Lynch donating sufficient land to make it fifty feet, and that he sold the lots of said "Lynch's Addition to Westminster" to bound and abut on said highway as widened, and part of the said Ridge Road immediately adjacent to the corporate limits of the said city has since been commonly described and called both "Liberty Street" and "Liberty Street Extended," and its width of fifty feet recog-nized by everyone, until the happening of the wrong complained of; that the late Charles E. Fink, who owned a large portion of the land along "Liberty Street Extended," on the opposite side of "Lynch's Addition to Westminster," divided it into lots, established building lines thereof and sold part of them; that the said Fink also owned lots Nos. 23 to 31, of "Lynch's Addition to Westminster" lying southwest of lots, Nos. 21 and 22 of said Lynch's Addition, owned by the

defendant, Thomas N. Rickell, which lots, Nos. 23 to 31, the said Fink subdivided into lots and numbered them 1 to 18, and that he recognized said "Liberty Street Extended" as being fifty feet wide; that after his death his executors sold remaining lots on both sides of Liberty Street Extended, then owned by them, as laid out by the said Fink, a plat of said Fink's Addition to Westminster, bearing date of November, 1919, being of record in the office of the Register of Wills of Carroll County and a certified copy thereof being filed as an exhibit; that for at least forty years said "Liberty Street Extended" has been recognized and existed as one of the public highways of Carroll County, and has during all of said time been constantly used by the travelling public as a public highway; and during all of said time has been cared for and maintained by plaintiff, who had accepted it as laid out fifty feet in width, a copy of a portion of the plat of the town of Westminster being filed as an exhibit showing Liberty Street and Liberty Street Extended, taken from the Atlas of Carroll County published in the year 1877; that houses have been built on each side of Liberty Street and Liberty Street Extended, said houses being supplied with water and light and other municipal conveniences, all being built in accordance with the general scheme or plan for the upkeep and use of said highway heretofore adopted by plaintiff, viz.: for a driveway thirty feet wide with a drain on each side thereof and a curb with a pavement ten feet wide between the drain and building line of the lots abutting thereon; that the dedication of the land from the owners sufficient to make said highway fifty feet wide, made over fifty years ago, was accepted by plaintiff, and the road was improved and kept up to that extent and width by it; that in the year 1914, at the request of the property owners along Liberty Street Extended, the grade for the curb and gutter and the width of the pavement was duly established by the plaintiff, who had the county surveyor establish the lines and elevations thereof from the corporate limits of the City of Westminster, it being a continuation of the curb and grade offi-

cially adopted by the city for Liberty Street; and since then all property owners along Liberty Street Extended have built their homes and laid their pavements in accord therewith; that the defendant is an abutting owner along said highway owning Lot No. 20 and part of lot No. 21 of "Lynch's Addition to Westminster," on the south side of said street, a copy of the deed for which lots, dated September 16th, 1919, is filed as an exhibit, the lines of said land extending only to the southern boundary of Liberty Street Extended; that about the year 1921 the defendant began to erect a house on the land described in said deed, the porch of which would extend into and encroach upon said highway, but before he had erected said porch he was notified by plaintiff not to do so, but in spite of said warning he did build said porch into said highway; and in the year 1922 he built another house on said land, the porch of which also extended into said highway; and in August, 1923, he laid down concrete steps to said porches extending further into said highway; that at this time notice was again served on him by plaintiff not to continue further with his encroachments and to remove those already made; that against said warnings, he, in constructing and building said porches and steps, did unlawfully dig down into said highway, and erect thereon and therein piers or pillars upon which porches were placed, said porches extending out and into the said highway and unlawfully obstructing the same for a distance of about nine feet; that the defendant ignored the warnings and request of plaintiff, and has defiantly suffered and permitted said encroachments to remain upon said highway; that said encroachments are a public nuisance, interfering with and preventing the free use of said highway by the public, and cause and will continue to cause irreparable injury to said highway, destroy and interfere with the use and improvement of said highway as planned by plaintiff, and in accord with which the buildings and improvements by the other property owners, both towards the city and beyond the lots of defendant, have been made and constructed.

There is an additional allegation as. to special injury by reason of the location of these lots at a bend in the road and the consequent danger to travel, which it is not important to consider.

On the filing of the bill and exhibits, an order was passed requiring defendant to show cause why a mandatory injunction should not be granted.

The defendant demurred and assigned as cause for demurrer:

1. Failure of plaintiff to state such a case as entitles it to relief in equity.

2. That the bill is not certain and definite in its allegations.

3. That the bill does not show that plaintiff has any interest in the subject matter of the bill, or any property right or public duty in respect to the portion of the land upon which the house and porch of the defendant are said to stand.

4. That the bill does not set forth any facts or circumstances showing that there is a public highway within the jurisdiction of the plaintiff or over which it has any control on which the defendant has encroached.

The demurrer was sustained by the trial court and the bill dismissed. From that order this appeal was taken.

The two questions to be decided, are:

1. Does the bill sufficiently allege an encroachment on a public highway under the control and supervision of the plaintiff?

2. Has a court of equity jurisdiction to grant a mandatory injunction in such a case?

We do not find any such substantial lack of definiteness in the allegations as to warrant the dismissal of the bill on that ground. It is distinctly alleged that for at least forty years "Liberty Street Extended," with a width of fifty feet, has been constantly used as a public highway, and during all that time has been cared for and maintained by the plaintiff.

Such use and maintenance establish a public highway by prescription. *Dillon on Municipal Corporations,* vol. 3, sec.

1080; ,*Elliott on Roads and Streets* (2nd Ed.), chapter 6;
*Kerr on Injunctions,* sec. 283; *Day* v. *Allender,* 22 Md. 511;
*Browne* v. *Trustees of M. E. Church,* 37 Md. 108; *Balti-
more* v. *Canton Co.,* 124 Md. 620; *Thomas* v. *Ford,* 63 Md.
352; *Kennedy* v. *Cumberland,* 65 Md. 514.

Such allegation is sufficient even if the plats filed as ex-
hibits do not affirmatively show the width of the street.

There is the further allegation that the defendant "did
unlawfully dig down into said highway and erect thereon
and therein piers and pillars upon which porches were placed,
said porches extending out and into the said highway * * *
for a distance of more than nine feet."

The point is made by appellee that it does not plainly ap-
pear from the bill how far "Liberty Street Extended" is fifty
feet wide; but the allegation as to the width of the street
must, we think, be taken in connection with the allegation
as to the alleged encroachment. It is clear from the whole
bill that the reference is to the width of the street at that
point.

Assuming the encroachment as alleged in the bill, the
jurisdiction of a court of equity to grant relief by injunction
is supported by authorities everywhere. It is the duty of a
municipality to preserve the beneficial enjoyment of streets
to the public. *Webb* v. *B. & O. R. R. Co.,* 114 Md. 216.

The control of the city over streets is attended with the
duty of preserving them for their legitimate purposes, and
the municipal authorities cannot divest themselves of this
trust. *Lake Roland R. R.* v. *Baltimore City,* 77 Md. 377.

The encroachment upon a public highway is a public nui-
sance which may be abated by a mandatory injunction. *Kerr
on Injunctions,* sec. 288; *Story's Eq. Jur.,* vol. 2, secs. 921,
924; 20 R. C. L. 386, sec. 9; *Dillon's Municipal Corpora-
tions* (5th Ed.), vol. 3, sec. 1130; *City of Montpelier* v. *Mc-
Mahon,* 85 Vt. 275; *City of Newark* v. *Del. Ry.,* 42 N. J.
Eq. 196; *Ala. W. R. Co.* v. *State,* 155 Ala. 491; 19 L. R.
A. (N. S.) 1173; *Brauer* v. *Balto. Refrigerating Co.,* 99
Md. 367.

The learned chancellor who sat in this case below seems to have based his decision mainly on his conclusion that before applying for an injunction the plaintiff should have proceeded to have the location and width of the street determined in accordance with the provisions of chapter 365 of the Acts of 1906. He was of the opinion that after the road had been laid out under the provisions of this act, in a proper case an injunction could be obtained, when complete relief could not be had under the special statutory proceedings. But we understand that act to apply only when a "doubt exists as to the proper location or width of a county road or the County Commissioners deem it expedient that the same be re-surveyed."

That question might arise on a trial of the case on its merits. The statute could hardly be invoked in ruling on a demurrer where the allegations are positive as to the location and width of the road.

The case of *Bembe* v. *Anne Arundel County,* 94 Md. 330, cited by the chancellor, is readily distinguishable from the case at bar. There it was sought to compel the county commissioners by mandamus to repair a bridge. Under the statute referred to in that case it is provided that whenever it is deemed necessary that a bridge should be built or that a bridge already built should be repaired, application must be made by petition to the county commissioners, after the publication for thirty days of a notice that the petitioners intend to make application for the construction or repair of the bridge. After the county commissioners have heard the reasons and evidence for and against the application they are required to determine the case as, in their judgment, will best promote the public convenience. Obviously, the statute applied to that case, and accordingly it was decided that a mandamus was properly refused.

> *Order reversed and case remanded, with costs to appellant.*